# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3856

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the Western |
| | * District of Missouri. |
| Marvin D. Anthony, Sr., | * |
| | * |
| Appellant. | * |

_____

Submitted: June 10, 2008
Filed: August 8, 2008

_____

Before MELLOY, BEAM, and BENTON, Circuit Judges.

_____

BEAM, Circuit Judge.

A jury convicted Marvin D. Anthony, Sr., on one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and 851 and one count of distributing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 851. Anthony now appeals, arguing that the district court[1] erred by admitting evidence of his two prior felony convictions under Federal Rule of Evidence

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

404(b), by refusing to give his proposed lesser-included-offense instruction, and by denying his motion for new trial. We affirm.

## I.      BACKGROUND

After conducting a long-term investigation of a drug distribution organization, Missouri police officers arrested several members of the group, including Anthony. The government charged Anthony with both conspiring to distribute fifty grams or more of cocaine base and distributing cocaine base.  Before trial, the government, pursuant to 21 U.S.C. § 851(a), filed an information stating that Anthony had two prior felony convictions.  As a result, Anthony faced increased punishment if convicted; specifically, a mandatory sentence of life imprisonment if convicted on the conspiracy count and 360 months' imprisonment if found guilty on the distribution count.  A jury convicted Anthony on both counts and the district court sentenced Anthony to the mandatory sentences.

Anthony now appeals his convictions on three grounds.  One, the district court erred by admitting his two prior felony convictions for drug-related offenses.  Two, the district court erred by refusing to give a lesser-included-offense instruction to the jury.  And three, the district court erred by denying Anthony's post-trial motion for new trial on grounds that a guilty verdict on the conspiracy count, which subjected Anthony to a mandatory life sentence, represented a manifest miscarriage of justice. We consider each challenge below.

## II.     DISCUSSION

### A.      Rule 404(b)

Anthony first challenges the district court's ruling admitting his two prior felony convictions for drug-related offenses under Rule 404(b).  We review the admissibility

of evidence under Rule 404(b) for an abuse of discretion. United States v. Voegtlin, 437 F.3d 741, 745 (8th Cir. 2006). The district court has broad discretion to admit 404(b) evidence, and we will reverse only when "such evidence clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts." Id. (internal quotation omitted).

Specifically, Rule 404(b) provides that evidence of prior crimes or acts is inadmissible to prove action in conformity therewith, but may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). In short, evidence of prior felony convictions is admissible to prove a defendant's state of mind. Nevertheless, to be admissible under Rule 404(b), prior felony convictions must be "(1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar in kind and close in time to the crime charged." United States v. Vieth, 397 F.3d 615, 617-18 (8th Cir. 2005) (internal quotation omitted); see also Fed. R. Evid. 403.

In order for a prior felony conviction to be relevant, either the defendant's state of mind or identity must be at issue. See United States v. Thomas, 58 F.3d 1318, 1321 (8th Cir. 1995). When a defendant makes a general denial defense, he places his state of mind at issue. United States v. Gipson, 446 F.3d 828, 831 (8th Cir. 2006). Thus, when a defendant makes a general denial, "prior drug . . . convictions are probative [and likely admissible] to show that [a defendant] had the intent and knowledge necessary for a jury to convict him." United States v. Gaddy, No. 07-2625, 2008 WL 2717681, at *5 (8th Cir. July 14, 2008); see also United States v. Logan, 121 F.3d 1172, 1178 (8th Cir. 1997) (holding that "evidence of prior possession of drugs, even in an amount consistent only with personal use, is admissible to show such things as knowledge and intent of a defendant charged with a crime in which intent to distribute drugs is an element").

Here, Anthony only challenges the district court's admission of his prior felony convictions under the first prong of our Rule 404(b) admissibility test: the relevance prong. More specifically, he argues that the district court lacked a proper basis under Rule 404(b) to admit his two prior convictions because he never presented a theory of defense that placed his knowledge, motive, or intent at issue, making the convictions irrelevant. But, as stated above, a general denial puts a defendant's knowledge, motive, or intent in play. Accordingly, Anthony's general denial[2] opened the door for the government to introduce the prior felonies to prove the intent element of the charges. Thus, the district court did not err and Anthony's claim fails.

## B.    Lesser-Included-Offense Instruction

Anthony next contends that the district court erred by not giving his proffered lesser-included-offense instruction to the jury. We review a district court's formulation of jury instructions for an abuse of discretion. United States v. Ziesman, 409 F.3d 941, 949 (8th Cir. 2005).

This circuit has formulated a test for when a trial court should give a lesser-included-offense instruction. United States v. Gordon, 510 F.3d 811, 817 (8th Cir. 2007), cert. denied, 128 S. Ct. 2519 (2008). Under this test, a lesser-included jury instruction is appropriate when the following exist: (1) a proper request for an

---

[2]Anthony, however, argues that he did not make a general denial defense, but merely argued that "he did not commit the act(s) comprising the offenses charged at all." In order to avoid making a general denial defense, and thus remove the issue of intent from a case, a defendant must satisfy a "stringent test." Thomas, 58 F.3d at 1321. To meet this test, a defendant must express a decision not to dispute his intent with "sufficient clarity" so that the trial court will be justified in preventing the admission of any evidence that seeks to raise the issue. Id. Here, Anthony did not make it known to the district court, with sufficient clarity, that he did not intend to challenge the intent prong of the charges. Accordingly, Anthony made only a general denial that placed his state of mind in issue.

instruction is made; (2) the lesser offense elements are identical to part of those of the greater offense; (3) there was evidence that would justify conviction of the lesser offense; (4) the proof on the element differentiating the two crimes was sufficiently in dispute so that the jury might consistently find the defendant innocent of the greater and guilty of the lesser included offense; and (5) the instruction could have been requested by either party. Id.

Before the district court submitted the case to the jury, Anthony requested that the district court submit a question whereby the jury could find Anthony guilty of conspiring to distribute five grams or more but less than fifty grams or more of cocaine base. The district court rejected this proposal, and only submitted a question asking whether Anthony conspired to distribute more than fifty grams of cocaine base. The district court was well within its discretion to do so. Indeed, Anthony did not dispute the amount of cocaine base he conspired to distribute; rather, he argued that he never conspired to distribute *any* cocaine base. Had Anthony, at trial, disputed the amount of cocaine base involved, then a lesser-included-offense instruction may have been proper. But as that was not the case here, the district court did not abuse its discretion by denying Anthony's request for a lesser-included-offense instruction.

## C.      Motion for New Trial

Lastly, Anthony argues that the district court erred in denying his motion for new trial. We review a district court's denial of a motion for new trial for a "clear and manifest abuse of discretion." United States v. Lacey, 219 F.3d 779, 784 (8th Cir. 2000).

A district court should grant a motion for new trial "only if the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred." United States v. Brown, 956 F.2d 782, 786 (8th Cir. 1992) (internal quotation omitted). A district court should exercise its authority to grant a new trial "sparingly

-5-

and with caution." <u>United States v. Campos</u>, 306 F.3d 577, 579 (8th Cir. 2002) (internal quotation omitted).

Here, the evidence presented at trial adequately supports the jury's verdict. Indeed, the jury's verdict was supported by the testimony of law enforcement officers who investigated the conspiracy, cooperating witnesses, and evidence of a drug transaction that Anthony conducted. Given this evidence, and the standard for granting a motion for new trial, the district court did not abuse its discretion by denying Anthony's motion.

## III. CONCLUSION

For the foregoing reasons, we affirm the district court's decision.

_____