# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3925

_____

United States of America,     *
    *
      Plaintiff - Appellee,     *    Appeal from the United States
    *    District Court for the
      v.     *    Western District of Missouri.
    *
Jerry W. Jenkins,     *       [UNPUBLISHED]
    *
      Defendant - Appellant.     *

_____

Submitted: September 25, 2009
Filed: November 27, 2009

_____

Before MURPHY, BRIGHT, and RILEY, Circuit Judges.

_____

PER CURIAM.

In 2008, a jury convicted Jerry Jenkins of unlawful possession of a firearm and unlawful possession of ammunition in violation of 18 U.S.C. §§ 922(g), 924(e). Jenkins challenges his convictions, arguing the district court[1] erred by (1) admitting under Fed. R. Evid. 404(b), Michelle Gordon's testimony that he possessed a firearm before the date of the charged offenses; (2) admitting evidence of several previous felony convictions; and (3) imposing concurrent 327-month sentences. We affirm.

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

I.

We review the admissibility of evidence under Rule 404(b) for an abuse of discretion. United States v. Anthony, 537 F.3d 863, 865 (8th Cir. 2008). First, Jenkins's argument that the evidence failed to show his previous possessions were sufficiently close in time to the charged possession for 404(b) admissibility fails under United States v. Drew, 894 F.2d 965, 970 (8th Cir. 1990) ("Proximity in time and similarity of conduct are only factors . . . they are not requirements for admission."). We next reject Jenkins's prejudice argument because nothing in the record overcomes our deference to the district court's judgment on whether the danger of unfair prejudice substantially outweighs the evidence's probative value. See United States v. Franklin, 250 F.3d 653, 659 (8th Cir. 2001). Jenkins denied possessing the gun and ammunition that led to his conviction, Gordon's testimony addressed the relevant material issues of Jenkins's knowledge and intent to possess a firearm. Thus, the district court did not abuse its discretion.

II.

We review for an abuse of discretion the district court's admission of evidence showing that Jenkins was a felon. See United States v. Jones, 266 F.3d 804, 811 (8th Cir. 2001). Jenkins refused to stipulate to his status as a felon; therefore, the government bore the burden at trial to show this element of the offense. Jenkins's argument that the district court should have allowed evidence of only one prior conviction was rejected in Jones, where we allowed evidence of five prior felony convictions to prove the defendant's status as a felon. 266 F.3d at 811-12. Jenkins next argues that the government's submissions were prejudicial because they went beyond the "limited evidence" held permissible in Jones. However, even if the district court abused its discretion by admitting the names and natures of Jenkins's convictions, the overwhelming evidence of guilt convinces us that any error was harmless. See United States v. Washington, 992 F.2d 785, 788 (8th Cir. 1993)

-2-

(concluding any "surplusage" of information harmless where the evidence against the defendant was overwhelming).

## III.

Jenkins argues that the district court failed to acknowledge the parsimony principle embedded in 18 U.S.C. § 3553(a) and by failing to provide an adequate basis for his sentence. We review sentences, whether inside or outside the Guidelines range, under a deferential abuse of discretion standard. United States v. Pepper, 518 F.3d 949, 951 (8th Cir. 2008). We first ensure that the district court has committed no significant procedural error and then examine the sentence for substantive reasonableness. Id. Upon a thorough review of the record, we find no procedural error and conclude that the sentence, although harsh, cannot be ruled as unreasonable under the sentencing laws applicable to Jenkins that exist today. Thus, we reject Jenkins's claims of error.

Accordingly, we affirm.

_____