# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3444

_____

United States of America,                    *
                                             *
              Appellee,                       *
                                             *    Appeal from the United States
         v.                                   *    District Court for the
                                             *    Southern District of Iowa
Ricardo Jose Tamariz-Cazeres,                 *
                                             *    [UNPUBLISHED]
              Appellant.                       *

_____

Submitted: April 16, 2010
Filed: May 21, 2010

_____

Before BYE, JOHN R. GIBSON and GRUENDER, Circuit Judges.

_____

PER CURIAM.

A jury convicted Ricardo Jose Tamariz-Cazeres ("Tamariz-Cazeres") of one count of conspiracy to distribute methamphetamine, *see* 21 U.S.C. § 846, and two counts of distributing methamphetamine, *see* 21 U.S.C. § 841(a)(1). Tamariz-Cazeres appeals the district court's[1] denials of his motions for judgment of acquittal and for a new trial, as well as his sentence. For the following reasons, we affirm.

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

On November 4, 2008, law enforcement officers stopped Seth Chambers and found a large sum of cash in his possession. Chambers revealed that he was planning to use the cash to pay off an existing debt for methamphetamine he had purchased from "Ricardo," whom he later identified as Tamariz-Cazeres. Chambers agreed to cooperate with law enforcement and act as a confidential informant. Over the next few weeks, Chambers engaged in a series of controlled purchases of methamphetamine from Tamariz-Cazeres. Chambers would call one of the cell phone numbers he had for Tamariz-Cazeres, and they would meet in the parking lot of a local Walmart. During most of the controlled purchases, Tamariz-Cazeres's older brother, Ismael, actually handed the drugs to Chambers. These exchanges culminated in Chambers's purchase of eight ounces of methamphetamine on December 3, 2008, after which Tamariz-Cazeres was arrested. Following his arrest, Tamariz-Cazeres told law enforcement that his role that day was to "watch over" the drug transaction.

At trial, Chambers, testifying as part of a plea agreement, described the details of these exchanges. Law enforcement officers who observed and videotaped the transactions corroborated his testimony. In addition, Ismael, also testifying as part of a plea agreement, confirmed that Tamariz-Cazeres was the one who arranged the meetings. Tamariz-Cazeres's defense focused on the fact that he has a nearly indistinguishable twin brother, Ricardo Manuel Tamariz-Cazeres ("Ricardo Manuel"). Ricardo Manuel was in fact present during some of the transactions, and his car was used in the first controlled transaction. None of the officers observing the controlled transactions could identify which twin was present during the exchanges, though Chambers testified that he could distinguish the twins based on Tamariz-Cazeres's eyebrow ring. Tamariz-Cazeres was the twin arrested after the final controlled purchase; Ricardo Manuel was not present during this transaction, as he was working at the time. Rejecting the argument that the wrong twin was on trial, the jury convicted Tamariz-Cazeres on all three counts. Tamariz-Cazeres faced a mandatory minimum sentence of 120 months' imprisonment and an advisory sentencing guidelines range of 151 to 188 months' imprisonment. Although Tamariz-Cazeres

sought a 120-month sentence, the district court sentenced him to the bottom of his guidelines range, 151 months' imprisonment.

Tamariz-Cazeres first argues that there was insufficient evidence to support his convictions and that therefore the district court erred in denying his motion for judgment of acquittal. "We 'review the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the verdict. Reversal of a conviction is proper only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt.'" *United States v. Pliego*, 578 F.3d 938, 941 (8th Cir. 2009) (quoting *United States v. Kent*, 531 F.3d 642, 651-52 (8th Cir. 2008)), *cert. denied*, 558 U.S. ---, 130 S. Ct. 1109 (2010).

The Government presented more than sufficient evidence for a reasonable jury to convict Tamariz-Cazeres on each of the three counts. Chambers testified that he could distinguish the twins and that Tamariz-Cazeres was involved in each of the transactions. The Government also presented evidence linking the phone number Chambers called to arrange the methamphetamine purchases to Tamariz-Cazeres. While Tamariz-Cazeres argues that Chambers's testimony was unreliable, a jury's credibility determinations are "virtually unassailable on appeal," *United States v. Vickers*, 528 F.3d 1116, 1120 (8th Cir. 2008) (quoting *United States v. Alama*, 486 F.3d 1062, 1065 (8th Cir. 2007)). Tamariz-Cazeres argues that this is the rare case where "no reasonable person could believe the incriminating testimony," *United States v. Watson*, 952 F.2d 982, 988 (8th Cir. 1991). Given the corroborating testimony of the officers and Ismael, along with Tamariz-Cazeres's own statements confirming his role in distributing the methamphetamine, we reject this argument.

Tamariz-Cazeres next challenges the denial of his motion for a new trial. "We review a district court's denial of a motion for a new trial for an abuse of discretion." *United States v. McClellon*, 578 F.3d 846, 857 (8th Cir. 2009). "When faced with a motion for a new trial, unlike a motion for judgment of acquittal, a district court is

permitted to weigh the evidence and judge witness credibility for itself in determining if there may have been a miscarriage of justice such that a new trial is required." *United States v. Samuels*, 543 F.3d 1013, 1019 (8th Cir. 2008), *cert. denied*, 556 U.S. ---, 129 S. Ct. 1921 (2009). "Motions for new trials based on the weight of the evidence are generally disfavored." *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002).

We reject Tamariz-Cazeres's argument that a miscarriage of justice has occurred in this case. Tamariz-Cazeres was arrested in a Walmart parking lot, immediately after a sale of methamphetamine to Chambers took place there. Tamariz-Cazeres admitted to police officers that he was there to "watch over" the transaction. Although Chambers and Ismael testified as part of a plea agreement, Tamariz-Cazeres's argument about their credibility "is no more compelling on the issue of a new trial than it was on the issue of judgment of acquittal." *See United States v. Hawkins*, 548 F.3d 1143, 1149 (8th Cir. 2008) (quoting *Samuels*, 543 F.3d at 1019-20), *cert. denied*, 556 U.S. ---, 129 S. Ct. 2757 (2009). "The defense took full advantage of the opportunity to discredit [the] testimony, and the jury was free to believe all, part, or none of it." *Id.* Moreover, Chambers's and Ismael's testimony was consistent and was corroborated by testimony from the law enforcement officers who videotaped the transactions. Furthermore, the vehicle present at most of the transactions was registered to Tamariz-Cazeres and returned to his home afterwards. The evidence is not "so lacking in probative force that a new trial is warranted," *see United States v. Davis*, 534 F.3d 903, 913 (8th Cir. 2008), and therefore the district court did not abuse its discretion in denying the motion for a new trial.

Turning to his sentencing, Tamariz-Cazeres first argues that the district court improperly denied his request for a mitigating role reduction under U.S.S.G. § 3B1.2. "[W]e review the district court's factual findings for clear error and its application of the guidelines de novo." *United States v. Barker*, 556 F.3d 682, 689 (8th Cir. 2009). Tamariz-Cazeres argues that, "he was, at best, a delivery man acting at the behest of

his siblings." Appellant's Br. at 25. Even if we were to accept his characterization of his role, "[n]umerous decisions have upheld the denial of minor role adjustments to defendants who served as middlemen . . . because those participants play a critical role in illicit drug trafficking by directing prospective buyers to sellers who wish to remain hidden from public view." *United States v. Deans*, 590 F.3d 907, 910 (8th Cir. 2010) (internal quotation marks omitted) (collecting cases). At a minimum, Tamariz-Cazeres played precisely this "middleman" role: Chambers would call him to arrange transactions, and Tamariz-Cazeres would facilitate those transactions with Ismael. "[M]erely showing the defendant was less culpable than other participants is not enough to entitle the defendant to the adjustment if the defendant was deeply involved in the offense." *United States v. Payne*, 377 F.3d 811, 816 (8th Cir. 2004), *vacated on other grounds*, 543 U.S. 1112 (2005) (internal quotation marks omitted) (quoting *United States v. Bush*, 352 F.3d 1177, 1182 (8th Cir. 2003)). The district court did not err in denying the reduction.

Finally, Tamariz-Cazeres argues that his 151-month sentence was substantively unreasonable. "Whether a sentence is reasonable in light of § 3553(a) is reviewed for abuse of discretion. A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Watson*, 480 F.3d 1175, 1177 (8th Cir. 2007) (internal citation omitted). "We presume a sentence within the guidelines range is reasonable and the burden is on a defendant to show his sentence should have been lower considering the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Bolden*, 596 F.3d 976, 984 (8th Cir. 2010). We find no abuse of discretion here. The district court discussed the factors listed in 18 U.S.C. § 3553(a), and Tamariz-Cazeres does not argue that the district court considered any inappropriate factors at his sentencing. Rather, Tamariz-Cazeres again argues that, compared to his brothers, his conduct was relatively minor and that he therefore should receive a lower sentence. However, the district court

addressed this argument and found it unpersuasive, and the court's conclusion that "a sentence at the bottom of the range is fully sufficient to address all sentencing considerations in this case" was not an abuse of discretion. Tamariz-Cazares's sentence was not substantively unreasonable.

We therefore affirm the denials of Tamariz-Cazares's motions for judgment of acquittal and for a new trial, along with his sentence.

_____