# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1697

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Alonzo Jones, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted:  January 11, 2001

Filed:  June 26, 2001

_____

Before LOKEN and BYE, Circuit Judges, and BATAILLON,* District Judge.

_____

LOKEN, Circuit Judge.

Alonzo Jones was convicted of violating 21 U.S.C. § 841(a)(1) by distributing cocaine base to undercover police officers in Steele, Missouri, on two days in 1998. The district court[1] sentenced Jones to 324 months in prison, the bottom of his

_____

*The HONORABLE JOSEPH F. BATAILLON, United States District Judge for the District of Nebraska, sitting by designation.

[1]The HONORABLE E. RICHARD WEBBER, United States District Judge for the Eastern District of Missouri.

sentencing guidelines range, and six years of supervised release. Jones appeals, arguing that the government failed to disclose a potential alibi witness, as Rule 12.1(b) of the Federal Rules of Criminal Procedure requires; that the district court abused its discretion in admitting "other crimes" evidence under Rule 404(b) of the Federal Rules of Evidence; and that the disparity between his sentence and that of his drug supplier violated his Eighth Amendment rights. We affirm.

1. Before trial, counsel for the government served a Request for Notice of Alibi Witnesses pursuant to Rule 12.1(a). Two months later, and just one week before trial, counsel for Jones advised the government that the defense would present testimony by Sondra Robinson that she and Jones were together constantly from noon on August 28 until the evening of August 29, the date of the first alleged undercover drug transaction, and that the two were never less than fifty miles from Steele, Missouri.[2] Rule 12.1(b) provides that, when the defendant provides notice of his intent to offer an alibi defense, the government within ten days shall serve a written notice "stating the names and addresses of the witnesses upon whom the government intends to rely to establish the defendant's presence at the scene of the alleged offense and any other witnesses to be relied on to rebut testimony of any of the defendant's alibi witnesses." Here, the government did not serve a Rule 12.1(b) notice.

Sondra Robinson was called as a defense witness at trial. She testified on direct examination that she was with Jones on August 28 and 29, far from Steele, Missouri. On cross exam, the government confronted Robinson with a document reflecting that she had been released from the Scott County jail on August 31. Robinson then

---

[2]This response was both untimely and inadequate. Rule 12.1(a) provides that, unless the court directs otherwise, defendant shall respond to the government's request within ten days with a notice stating "the specific place or places at which the defendant claims to have been at the time of the alleged offense." The deficiencies in Jones's alibi witness response do not affect our disposition of this appeal.

admitted that she was in jail on August 28 and 29, not with Jones, and that she had lied on direct exam. Jones did not object to this cross exam.

On appeal, Jones argues that the district court erred in not granting a mistrial *sua sponte* because the custodian of the jail record used to impeach Robinson, Sheriff Bill Ferrel, was a potential rebuttal witness who was not disclosed under Rule 12.1(b). This was a prejudicial violation of Rule 12.1, Jones argues, because disclosure of the Sheriff as a rebuttal witness would have prompted the defense "to evaluate the strategy of advancing an alibi defense" and thereby avoid the devastating impeachment of the only defense witness. We disagree.

The government did not violate Rule 12.1(b). That rule requires disclosure of the names and addresses of the government's rebuttal witnesses, not all its rebuttal evidence. Thus, Rule 12.1(b) does not apply to the document used to impeach Robinson. Of course, had Robinson not conceded she was in jail at the time in question when shown the document at trial, the government might have needed to call Sheriff Ferrel as a witness in order to introduce the impeaching jail record into evidence. In that event, the defense could have argued that the Sheriff should be excluded as an undisclosed rebuttal witness. See Rule 12.1(d); United States v. Woodard, 671 F.2d 1097, 1099 (8th Cir. 1982) (abuse of discretion standard applies). But the government's use of a document to impeach Robinson on cross examination simply did not bring Rule 12.1(b) into play. Therefore, the district court did not commit plain error by not granting a mistrial or precluding the cross exam. See United States v. Causey, 834 F.2d 1277, 1281 (6th Cir. 1987) (plain error standard applies when trial judge unaware of any Rule 12.1(b) objection).

2. After he was arrested and advised of his constitutional rights, Jones admitted to a federal Drug Enforcement Administration agent that he had sold cocaine base in the past and knew what it looked like. Jones argues that the district court abused its discretion by admitting this prior bad acts evidence under Rule 404(b) of the Federal

Rules of Evidence. The district court ruled that the evidence was admissible on the issue of Jones's intent and gave the jury an instruction explaining the limited purpose for its admission.

Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." To be admissible under Rule 404(b), which is a rule of inclusion, Jones's admission must be (1) relevant to a material issue, such as intent, (2) proved by a preponderance of the evidence, (3) greater in probative value than prejudicial effect, and (4) similar in kind and close in time to the charged offense. See United States v. Shoffner, 71 F.3d 1429, 1432 (8th Cir. 1995). We reverse a district court's admission of Rule 404(b) evidence "only when such evidence clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts." United States v. Brown, 148 F.3d 1003, 1009 (8th Cir. 1998).

Jones's admission was relevant to the issue of his intent to distribute cocaine base, an element of the crime, and the bad acts Jones admitted were factually similar and close in time to the charged offenses. See United States v. Green, 151 F.3d 1111, 1113-14 (8th Cir. 1998). The district court timely instructed the jury as to the limited use of this evidence. In these circumstances, we have no difficulty concluding that its probative value outweighed any unfair prejudice. See Fed. R. Evid. 403. There was no abuse of discretion in admitting it.

3. Finally, Jones argues that the disparity between his 324-month sentence and the 140-month sentence received by his supplier, government witness Tony Brewster, violates Jones's Eighth Amendment right to be free from cruel and unusual punishment. However, disparity between the sentences of coactors in a criminal transaction is not cruel and unusual punishment under the Eighth Amendment. See United States v.

-4-

Thompson, 51 F.3d 122, 127 (8th Cir. 1995); United States v. Heisinger, 846 F.2d 1168, 1169 (8th Cir. 1988).

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.