# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3731

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Ladarius Venice Cook, | * | |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted: April 18, 2006
Filed:  July 31, 2006

_____

Before LOKEN, Chief Judge, LAY and BYE, Circuit Judges.

_____

LOKEN, Chief Judge.

A warrant search of the home where Ladarius Cook lived with his girlfriend yielded ten grams of cocaine base, ten grams of powder cocaine, two digital scales, and a handgun found either on or in a bedroom night stand that also contained men's underwear.  After Cook's arrest, he waived his Miranda rights and told police that the drugs and gun belonged to his girlfriend. Cook was indicted for possession with intent to distribute five or more grams of cocaine base, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon.  See 18 U.S.C. §§ 922(g)(1), 924(c)(1); 21 U.S.C. § 841(a)(1).  Just before trial, the district

court[1] granted Cook's motion in limine and excluded evidence of his four prior drug convictions as too remote under Rule 404(b) of the Federal Rules of Evidence and unfairly prejudicial under Rule 403. The government appeals this interlocutory ruling, as 18 U.S.C. § 3731 allows. We affirm.

## I.

At the outset, it is important to clarify the record on appeal and our standard of review because this is a rather rare interlocutory appeal of a pretrial evidentiary ruling. The record consists of the fact materials and the legal arguments before the district court when it ruled. At that time, the court had heard no evidence but had the benefit of a magistrate judge's lengthy Report and Recommendation following an evidentiary hearing on Cook's motion to suppress. The background facts revealed in that Report are relevant to this appeal. Regarding the Rule 404(b) evidence at issue, we are not provided any memoranda filed with the district court in connection with the parties' cross motions in limine. Therefore, the record consists of the transcript of the motion argument, which includes the government's substantial oral offer of proof, and copies of the documents reflecting Cook's prior convictions that the government proposes to introduce at trial.

We review district court rulings under Rule 404(b) and Rule 403 for abuse of discretion. See, e.g., United States v. Jones, 255 F.3d 916, 919 (8th Cir. 2001). This includes orders *excluding* evidence under these rules. See King v. Ahrens, 16 F.3d 265, 270 (8th Cir. 1994) (such a ruling is entitled to "great deference"). We reject the government's unsupported suggestion that *de novo* review is appropriate because this is an interlocutory appeal. We see no good reason why our standard of review should differ because the evidentiary ruling was made and appealed before trial. Accord

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

United States v. Brooks, 145 F.3d 446, 454 (1st Cir. 1998); United States v. Adrian, 978 F.2d 486, 492 (9th Cir. 1992).

## II.

Police officers conducted surveillance of Cook's residence for two months before the warrant search and observed Cook leave the home on at least four occasions to engage in "hand-to-hand transactions" at nearby locations. At the hearing on the cross motions in limine, the government disclosed that it would offer testimony describing this surveillance and predicted that testimony would be "thoroughly challenged" as to whether the described activity happened and "whether it indicates what the police officers believe it indicated" -- illegal drug sales. The government also disclosed that it would offer the physical evidence seized in the warrant search, Cook's post-arrest statement, and an expert's opinion that the police found a distribution quantity of cocaine base on the night stand.

To bolster this case, the government proposed to offer Cook's four prior drug convictions as evidence that he possessed with intent to distribute the crack cocaine found on the night stand. These were (1) an April 13, 1998, conviction for delivery of cocaine on three occasions, September 25, October 3, and October 24, 1996; (2) an April 13, 1998, conviction for possession with intent to distribute cocaine on May 29, 1997; (3) an April 13, 1998, conviction for possession and delivery of marijuana on July 15, 1997; and (4) an August 10, 2000, conviction for possession of marijuana on September 20, 1999. For the three distribution convictions, the government would offer a certified copy of the conviction, the police reports, and testimony by the undercover police officer who purchased or attempted to purchase cocaine or marijuana from Cook. For the marijuana possession conviction, only a certified copy of the conviction would be introduced. The government argued that the many Eighth Circuit cases affirming the admission of past drug convictions compelled the district court to admit evidence of all four convictions under Rule 404(b). The district court nonetheless granted Cook's motion in limine, explaining:

I know that the Eighth Circuit is very, I guess, lenient on 404(b) evidence, and that is the controlling law . . . . I have analyzed this particular case, though, and these particular convictions. You have two that are . . . seven and eight years ago that involve crack cocaine. Then you have two involving marijuana, the most recent one is simply felony possession, it's not even . . . distribution, from what . . . you've said to me here today . . . . [B]ecause it is [all] so remote in time, I think it is of limited probative value, and so I think the danger of unfair prejudice and the concern that the jury will consider it as propensity evidence . . . outweighs the limited probative value that it has, so I am going to grant the motion to exclude the conduct that gave rise to the four prior convictions listed in the Government's 404(b) evidence.

The government requested reconsideration, again proposing to use the same evidence of all four convictions. The district court adhered to its ruling. The government then appealed, which automatically stayed commencement of the trial.

**III.**

Rule 404(b) provides that evidence of a prior bad act such as a conviction may not be offered solely to prove the defendant's criminal propensity but is admissible if it is relevant to a material issue, such as intent, and if it is established by a preponderance of the evidence, more probative than prejudicial, and similar in kind and close in time to the charged offense. Jones, 255 F.3d at 919. The requirement to balance probative value and prejudice is found in Rule 403. As the government stressed to the district court and on appeal, we construe Rule 404(b) as a rule of inclusion and have frequently upheld the admission of prior drug convictions in cases where the defendant denied committing the charged drug offense. See, e.g., United States v. Love, 419 F.3d 825, 828 (8th Cir. 2005). A defendant may not escape the introduction of evidence of past crimes solely by stipulating to one element of the crime at issue. See United States v. Johnson, 439 F.3d 947, 952 (8th Cir. 2006). Though all Rule 404(b) evidence is inherently prejudicial, the test under Rule 403 is

whether its probative value is *substantially* outweighed by the danger of *unfair* prejudice.  See United States v. Noland, 960 F.2d 1384, 1387 (8th Cir. 1992).

We begin our review of the district court's discretionary ruling with Cook's conviction for possession of marijuana in September 1999.  A prior offense need not involve the same illegal drug as the charged offense.  See Llach v. United States, 739 F.2d 1322, 1327 (8th Cir. 1984**).**  But here, this prior mere possession offense was six years remote *and* it was *functionally* dissimilar to the charged distribution offense.  In these circumstances, we have no difficulty concluding that the district court did not abuse its discretion in concluding that this conviction's very minimal probative value was substantially outweighed by the danger of unfair prejudice.  See United States v. Gordon, 987 F.2d 902, 908-09 (2d Cir. 1993); United States v. Mothershed, 859 F.2d 585, 590 (8th Cir. 1988).

As the government's motion in limine only sought admission of its entire package of Rule 404(b) evidence, our conclusion that the marijuana possession conviction was properly excluded ends the appeal.  In a footnote toward the end of its appeal brief, the government chides the district court for "evaluat[ing] the Government's proffered evidence as an all or nothing proposition, rather than consider less prejudicial options."  But the court's obligation was to rule on the motions presented.  Even in its motion for reconsideration, government counsel never asked the court to rule on any proffer except the entire package.  Without question, there may be significant give-and-take in resolving Rule 404(b) disputes because alternative proof or a modified presentation of the evidence may accommodate the government's need for probative evidence and the danger of unfair prejudice to the defendant.  See Fed. R. Evid. 404(b) advisory committee notes to 1972 Proposed Rules and 1991 Amendments.  If counsel cannot resolve the issue, the court may decide to admit only some of the proffered evidence and may limit inquiry into prejudicial details.  2 Weinstein's Federal Evidence § 404.23[5][a] (2d ed. 2006).  But that is a process left to the discretion of the trial court.  On an interlocutory appeal, we only review the rulings the court in fact made.

Because Rule 404(b) issues recur frequently, we will also comment on the remainder of the district court's ruling. We agree with the government that Cook's earlier convictions for distributing cocaine and marijuana on five occasions in 1996 and 1997 were relevant to material issues such as knowledge and intent and were not so remote as to be inadmissible on that ground. See, e.g., United States v. Foster, 344 F.3d 799, 801-02 (8th Cir. 2003), cert. denied, 541 U.S. 1031 (2004). But the government did not propose to introduce only the fact of the convictions. It wanted to use the police reports, which may or may not have presented difficult hearsay issues, plus the testimony of the undercover officers who engaged in the earlier drug transactions. This testimony was no doubt offered to bolster the testimony of the officers who would describe Cook's "hand-to-hand transactions" that led to issuance of the search warrant.

In exercising its discretion under Rule 404(b) and Rule 403, the district court may properly consider whether the government's intended method of proof would be more prejudicial than merely offering a certified copy of a conviction. See United States v. Walker, 428 F.3d 1165, 1170 (8th Cir. 2005), cert. denied, 126 S. Ct. 1385 (2006). More importantly, perhaps, in this case the government's expansive Rule 404(b) evidence presented the prospect of mini-trials over the events underlying three prior convictions for five relatively remote drug transactions, all for the purpose of bolstering *background* evidence in this case. This posed a substantial risk of distracting the jury from its central task of determining whether it was Cook who possessed the distribution quantity of crack cocaine found on the night stand. As the Ninth Circuit concluded when faced with a similar situation in United States v. Perkins, 937 F.2d 1397, 1401 (9th Cir. 1991), "The district court did not abuse its discretion in focusing the trial on the offense at issue, and not allowing the parties to stray and discuss the details of several extraneous robberies." We again note that the government did not ask the court to rule on a lesser quantum of Rule 404(b) evidence. We simply decide that the ruling the court made was not an abuse of its discretion.

The October 5, 2005, order of the district court excluding the evidence described in the government's Notice of Appeal is affirmed.

_____