# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2516

_____

| | | |
|---|---|---|
| The Estate of Robert Rudolph Hutchins, Deceased, Malcolm Richard Hutchins, Personal Representative, | * * * * * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Motel 6 Operating LP, previously identified as Accor North America, Inc., d/b/a Motel 6 of Conway, Arkansas, | * | |
| | * | [UNPUBLISHED] |
| | * | |
| | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: March 14, 2008
Filed: July 28, 2008

_____

Before MURPHY, BRIGHT, and BENTON, Circuit Judges.

_____

PER CURIAM.

Robert Rudolph Hutchins died of a hydrocodone overdose on February 28, 2003, in a motel room. His Estate sued Motel 6 Operating LP, claiming its agents unreasonably delayed calling emergency personnel. After a jury allocated 70 percent

fault to Hutchins, the district court[1] entered judgment for Motel 6. Objecting to evidentiary rulings, the Estate appeals the denial of its motion for new trial. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

The Estate focuses on two pieces of evidence: (1) a page of notes from Hutchins's employment record from City Lumber Company, Inc. that his behavior was affected by "prescription drugs," and (2) a weather report that sunrise was at 6:40 a.m. on the date of death.

This court reviews for abuse of discretion the denial of a motion for new trial. *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1059 (8th Cir. 2005). This court accords substantial deference to the district court's evidentiary rulings and reverses only if they amount to clear and prejudicial abuse of discretion. *Id.*

The Estate claims Motel 6 conducted discovery past the discovery deadline, arguing the employment record and weather report were presented on the eve of trial. The Estate asserts the district court should have excluded the evidence.

The court did not clearly and prejudicially err by admitting the employment record and weather report. Contrary to the Estate's claims, it had notice before the deadline of the employment record, and the option to order a copy shortly after the deadline. As for the weather report, Motel 6 gave the Estate a copy before the final pretrial conference, and it was the subject of one impeachment question at trial.

The Estate contends that the probative value of the employment record was substantially outweighed by its prejudice, under Federal Rule of Evidence 403. The Estate further argues the record should have been excluded under Rule 404(b).

---

[1]The Honorable Rodney S. Webb, United States District Judge for the District of North Dakota, sitting by designation in the Eastern District of Arkansas.

Rule 404(b) is a rule of inclusion rather than exclusion, allowing evidence of other crimes, wrongs, or acts relevant to any issue in the trial other than the criminal disposition of the accused. *United States v. Lakoskey*, 462 F.3d 965, 979 (8th Cir. 2006), *cert. denied*, 127 S. Ct. 1388 (2007). "Evidence of prior acts may be admitted if (1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar in kind and close in time to the event at issue." *Batiste-Davis v. Lincare, Inc.*, 526 F.3d 377, 380 (8th Cir. 2008) (noting that the third requirement is "an analysis equivalent to that in Rule 403"). Evidence of other acts is relevant to a material issue where it shows proof of knowledge. *See Lakoskey*, 462 F.3d at 980. The prior act must be proven by a preponderance of the evidence. *See id.* To be similar in kind, a prior act need not involve the same drug as the past act. *See United States v. Cook*, 454 F.3d 938, 941 (8th Cir. 2006). There is no fixed period within which acts must have occurred to be sufficiently close in time; it is a question of reasonableness under the circumstances. *United States v. Walker*, 428 F.3d 1165, 1170 (8th Cir. 2005).

Here, the district court did not abuse its discretion: (1) the employment record is relevant to the material issue of Hutchins's knowledge of prescription drugs and therefore relevant to Motel 6's theory that his negligence caused his death; (2) the employment record proved Hutchins's drug-affected work behavior by a preponderance of the evidence; (3) the probative value of the record outweighs its prejudicial value, as the record helped the jury compare responsibility for the death; and (4) prescription-drug use in the employment record is sufficiently similar in kind to Hutchins's hydrocodone overdose and occurred less than four months before his death.

The Estate also maintains that testimony by Hutchins's girlfriend that he lost his job at Wal-Mart because of drug use should not have been admitted under Rule 404(b). However, she did not state that Hutchins lost his job at Wal-Mart because of prescription-drug use. When asked if he was "staggering around while on the job"

from taking too many pain pills, she answered "yes."  Like the employment record, this testimony is relevant and admissible.  *See* Fed. R. Evid. 404(b).

The district court did not clearly and prejudicially abuse its discretion in denying the motion for new trial.

The judgment of the district court is affirmed.

_____