# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-4295

_____

United States of America

*Plaintiff - Appellee*

v.

Ryan Michael Moberg

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: December 15, 2017
Filed: April 27, 2018
[Published]

_____

Before SMITH, Chief Judge, KELLY and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Following a two-day trial, a jury convicted Ryan Moberg of one count of receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). The

district court[1] sentenced Moberg to 60 months in prison on each count, to run concurrently. On appeal, Moberg argues that the district court erred in admitting certain statements he made during an interview with detectives and in denying his motion for judgment of acquittal on one of the two counts of conviction.

## I.  Background

On November 26, 2012, Detective Tracy Perkins of the Boone County, Missouri, Sheriff's Department Cyber Crimes Task Force conducted an investigation involving computers that were using a peer-to-peer network known as the Gnutella 2 network. The purpose of her investigation was to identify Internet Protocol (IP) addresses that were sharing child pornography. She used specialized investigative software, which at some point flagged an IP address that was using the Shareaza file-sharing program (version 2.6.0.0) to share child pornography. Over a three-hour period, Perkins made contact with the computer associated with the flagged IP address several times, and was able to download four separate incomplete video files. Three of the videos contained depictions of child pornography, and one was from a known child pornography series identified as the Jenny series.

Law enforcement then obtained a search warrant for the residence at the street address linked—by subscriber records—to the flagged IP address. On April 4, 2013, officers executed the warrant and seized a computer. On the same day, Perkins and another detective visited Moberg at his place of employment and asked to speak with him. During a recorded interview, Moberg admitted that he had used the Shareaza file-sharing program to download pornography after he had been drinking. At first, he claimed that when he came upon child pornography, he would immediately delete

---

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

it. Later in the interview, he admitted that he had viewed child pornography on his computer, and that the last time he had viewed child pornography was 4 to 5 months prior to the interview. He also said he used the search terms "Jenny" and "PTHC," knew that the latter term meant "preteen hardcore," and described the content of one of the videos in the Jenny series.

Later, forensic examiners searched Moberg's computer. They found six thumbnail images depicting child pornography—including two from the Jenny series— in the thumbnail database cache. According to testimony at trial, the average computer user does not have access to the thumbnail database cache without the use of special software. But images are created in the thumbnail database cache only if the original file (the file that the thumbnail image relates to) was stored on the computer. If the original file is no longer present on the computer, but the thumbnail image remains, it simply means the original file was deleted, or otherwise removed. Examiners also found evidence of a previous internet search using the term "PTHC." And they determined that the Shareaza file-sharing program (version 2.6.0.0) had been present on the computer previously, but had since been deleted. There was no evidence on Moberg's computer of the files Perkins downloaded on November 26, 2012.

Moberg went to trial on one count of receipt of child pornography on or about November 26, 2012 (Count 1), and one count of possession of child pornography on or about April 4, 2013 (Count 3).[2] The jury returned guilty verdicts on both counts. Moberg appeals.

---

[2]Count 2 charged Moberg with possession of child pornography on or about November 26, 2012, but the government moved to dismiss this count prior to trial. The district court granted the motion.

## II. Discussion

First, Moberg argues the district court erred by allowing into evidence the following: his admission that he had previously viewed child pornography on his computer, and his admission that he was familiar with the Jenny series of child pornography images. Moberg contends this was evidence of "prior misconduct" that was not probative and was admitted only to show his propensity to act in accordance with the charged conduct, in violation of Federal Rule of Evidence 404(b)(1). "We review evidentiary rulings for abuse of discretion." United States v. Stong, 773 F.3d 920, 923 (8th Cir. 2014).

As an initial matter, we question whether Moberg's admissions were evidence of prior bad acts, or whether they were simply evidence that he committed the charged offenses. See United States v. Shores, 700 F.3d 366, 370–71 (8th Cir. 2012) (evidence of charged conduct is not subject to Rule 404(b)). Moberg's familiarity with the Jenny series—including his use of "Jenny" as a search term—is evidence that he knowingly possessed or received images in that series, and that he knew the images depicted minors engaged in sexually explicit conduct. As for Moberg's statement that he previously viewed child pornography from his computer, he asserts only that such a general admission is not probative of whether he knowingly received child pornography on November 26, 2012. But Moberg spoke to law enforcement on April 4, 2013, and during that interview, he admitted that he had last viewed child pornography on his computer 4 to 5 months earlier—which is probative of receiving child pornography on or about November 26, 2012, as charged in Count 1.

In any event, even if we analyze the admission of this evidence under Rule 404(b), we see no abuse of discretion in the district court's decision to admit it. "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, evidence is admissible under

Rule 404(b) if it is "(1) relevant to a material issue," such as knowledge, "(2) proved by a preponderance of the evidence, (3) greater in probative value than prejudicial effect, and (4) similar in kind and close in time to the charged offense." United States v. Jones, 255 F.3d 916, 919 (8th Cir. 2001). Here, "convictions for receipt and possession of child pornography turn on essentially the same requirements and evidence." United States v. Worthey, 716 F.3d 1107, 1113 (8th Cir. 2013) (quoting United States v. White, 806 F.3d 635, 641 (8th Cir. 2007)). Both require knowledge on the part of the defendant. Id. Moberg's admissions that he had viewed child pornography on this same computer and was familiar with the Jenny series were relevant to both charged offenses to show that he acted knowingly. The district court also instructed the jury on the limited use of the evidence. Moberg does not dispute that the acts he admitted to were factually similar and close in time to the charged offenses, and he makes no meaningful argument that the prejudicial effect of introducing the evidence outweighed its probative value.

Next, Moberg argues the district court erred in denying his motion for judgment of acquittal on Count 3 because the evidence was insufficient to convict him of possession of child pornography. Our review of a district court's denial of a motion for judgment of acquittal is de novo, but we "review a challenge to the sufficiency of the evidence deferentially and affirm if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (quoting United States v. Vega, 676 F.3d 708, 721 (8th Cir. 2012)). "If evidence consistent with guilt exists, we will not reverse simply because the facts and the circumstances may also be consistent with some innocent explanation." United States v. Huyck, 849 F.3d 432, 441 (8th Cir. 2017) (quoting United States v. Griffith, 786 F.3d 1098, 1102 (8th Cir. 2015)).

The charge of possession of child pornography was based on the six thumbnail images depicting child pornography that were found in the thumbnail database cache area of Moberg's computer during a forensic examination. Moberg contends there

was no evidence presented that he knew the images were stored in the thumbnail database cache or that he was able to access the images.

However, the question for the jury was not whether Moberg knew thumbnails of downloaded files would be automatically created and stored on his computer, or whether he could access those thumbnails. Instead, the relevant question was whether Moberg knowingly possessed the original files in the first instance. At trial, the government presented evidence that, in order for the thumbnail images to be present in the thumbnail database cache, a computer user must purposely save or download a file onto the computer's hard drive. See id. at 443 ("Testimony demonstrated that the thumbnail images could only have existed if the full-size, viewable images had been on the hard drive at some time in 2010. . . . [And although] the ninety-five thumbnail images on the [computer] hard drive were not viewable without special software, they nonetheless constituted evidence of prior possession of child pornography."). In addition, two of the thumbnail images were from the Jenny series. This evidence, along with Moberg's admissions, supported the jury's determination that Moberg knowingly possessed child pornography on or about April 4, 2013. The district court did not err in denying Moberg's motion for judgment of acquittal.

III. Conclusion

The judgment of the district court is affirmed.

_____