# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1584
_____

United States of America,

*Plaintiff - Appellee,*

v.

Gregory Bartunek,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: May 14, 2020
Filed: August 12, 2020
_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.
_____

COLLOTON, Circuit Judge.

After a jury trial, Gregory Bartunek was convicted of distribution of child pornography and possession of a visual depiction involving a minor engaged in sexually explicit conduct. *See* 18 U.S.C. §§ 2252A(a)(2), 2252(a)(4)(B). On appeal, Bartunek challenges two evidentiary rulings and the denial of a motion for a mistrial. We conclude that there was no reversible error and therefore affirm.

## I.

In March 2016, law enforcement officers received a tip that an internet protocol address at Bartunek's residence had uploaded child pornography to a website called Omegle. Investigators executed a search warrant at the residence and determined that Bartunek was the sole occupant. Officers seized two computer hard drives and a thumb drive that together contained over 400 images of child pornography. Some of the images bore a stamp showing that they were downloaded from the Omegle website.

A grand jury charged Bartunek with one count of distribution of child pornography, *see* 18 U.S.C. § 2252A(a)(2), and one count of possession of a visual depiction involving a minor engaged in sexually explicit conduct. *See id.* § 2252(a)(4)(B). The case proceeded to trial, and a jury convicted Bartunek on both counts. The district court[1] sentenced him to a term of 204 months' imprisonment.

## II.

On appeal, Bartunek challenges the district court's admission of photographs of four life-sized dolls found in his bedroom. The dolls were replicas of children, ranging in age from infancy to five years, and were dressed in children's underwear. Some of the dolls were altered to include a rubber nodule that appeared to be a penis.

Before trial, Bartunek moved to exclude the photographs on the ground that they were inadmissible character evidence. The court denied the motion, saying that the photographs were admissible under Federal Rule of Evidence 404(b), but provided that Bartunek could raise an objection at trial. The government responded

---

[1]The Honorable Robert F. Rossiter, Jr., United States District Judge for the District of Nebraska.

that the dolls should be admissible without limitation as evidence "inextricably intertwined" with the charged offense. The court reserved ruling on that contention. When Bartunek objected at trial, the court apparently adopted the government's position. The court explained that "at the very least it's a 404(b) issue," but given "the timing, what the search warrant was for, [and] what was found on the search warrant," the doll evidence rose "to the level of circumstantial evidence and it's not propensity evidence in this case." The court also determined that the probative value of the evidence was not substantially outweighed by unfair prejudice.

Bartunek argues that the court erred because he lawfully possessed the dolls, and they were unrelated to possession or distribution of child pornography. He complains that the evidence was character evidence that is inadmissible under Rule 404(b). We review the district court's evidentiary rulings for abuse of discretion. *United States v. Steinmetz*, 900 F.3d 595, 600 (8th Cir. 2018).

Rule 401 provides that evidence is relevant if it tends to make a fact more or less probable and the fact is of consequence in determining the action. Fed. R. Evid. 401. Even where evidence is relevant under Rule 401, however, Rule 404(b)(1) prohibits use of a defendant's prior act to prove his character in order to show that on a particular occasion he acted in accordance with the character. This prohibition does not extend to evidence that is "intrinsic" to the charged offense, including evidence that is "inextricably intertwined" with the alleged crime. *See United States v. Guzman*, 926 F.3d 991, 999-1000 (8th Cir. 2019).

We are skeptical of the government's position that the doll evidence was "inextricably intertwined" with the charged child pornography offenses, and thus outside the limitations on character evidence under Rule 404. This court has ruled that evidence of "child erotica" found on a defendant's Secure Digital memory card, and offered to show his sexual interest in children and knowledge of child pornography images on the same card, was not intrinsic to charges of transporting and

receiving child pornography. *United States v. Fechner*, 952 F.3d 954, 961 (8th Cir. 2020). So too, evidence that a defendant had sexual contact with his stepdaughter was not intrinsic to charges that he possessed sexually explicit photographs of the stepdaughter that were taken on occasions distinct from the sexual contact. *United States v. Heidebur*, 122 F.3d 577, 580 (8th Cir. 1997). The government's examples of "inextricably intertwined" evidence are not analogous to the setting here. *See United States v. Moberg*, 888 F.3d 966, 969 (8th Cir. 2018) (per curiam) (defendant's admission that he was familiar with the "Jenny" series of child pornography was intrinsic to charge that he knowingly possessed images from the "Jenny" series); *United States v. Shores*, 700 F.3d 366, 370-71 (8th Cir. 2012) (evidence that defendant conducted drug transaction just outside a residence was intrinsic to charge that he controlled the residence for purpose of distributing drugs); *United States v. O'Dell*, 204 F.3d 829, 833-34 (8th Cir. 2000) (evidence that defendant possessed drugs during period of charged drug conspiracy was intrinsic to conspiracy charge).

But the district court's initial ruling that the doll evidence was admissible under Rule 404(b) was sound. Bartunek's theory of defense was that someone else accessed his internet service, downloaded images to his devices, and distributed the child pornography. The dolls were relevant to overcome the defense by showing Bartunek's motive for acquiring and distributing child pornography. That Bartunek derived gratification from the replicas of young children gave him a motive to possess and distribute child pornography. *See Fechner*, 952 F.3d at 961; *United States v. Furman*, 867 F.3d 981, 988 (8th Cir. 2017).

Ordinarily, evidence admitted under Rule 404(b) is accompanied by a limiting instruction that directs the jury to consider the evidence only for a limited purpose or purposes. The district court, having accepted the government's position that the evidence should be received without limitation, gave no limiting instruction here. Under the circumstances, however, we conclude that any error is harmless. Any potential that the jury considered the doll evidence to show Bartunek's "propensity"

-4-

largely overlapped on these facts with the permissible use of the evidence to show motive. An instruction directing the jury to consider the doll photographs only as evidence of Bartunek's motive for possessing or distributing child pornography would not have changed appreciably how the jury weighed the evidence here.

Bartunek also argues that the district court erred in admitting the photos because their "sordid" nature made them unfairly prejudicial. Relevant evidence in a child pornography case often is disturbing, yet "that alone cannot be the reason to exclude the evidence." *United States v. Evans*, 802 F.3d 942, 946 (8th Cir. 2015). The government bore the burden to establish that Bartunek knowingly possessed and distributed the child pornography. Especially in light of Bartunek's theory of defense that someone else was responsible for the images, the district court properly determined that the probative value of the doll evidence was not substantially outweighed by unfair prejudice. We therefore conclude that the district court's admission of the photographs was not reversible error.

III.

Bartunek next disputes the admission of testimony from a witness with the initials S.P. about his relationship with Bartunek between 1999 and 2002. S.P. testified that when he was 14 years old, Bartunek began to show him child pornography. S.P. said that the relationship and the viewing of child pornography continued "[u]ntil 2002 when I got arrested."

During cross examination, defense counsel asked S.P. why he was arrested, and S.P. responded: "Sexual assault on an autistic boy." S.P. then volunteered without objection that his victim "was also Greg's victim too." Defense counsel concluded by asking S.P. whether he was aware that charges filed against Bartunek "based in general on some of the things you testified about today" were dismissed, and S.P. said he was aware. On re-direct examination, the court allowed the government to elicit

from S.P. that he was convicted at age 16 of a misdemeanor for an incident with a 13-year-old autistic boy, and that Bartunek knew the victim through S.P.

Before trial, the government provided notice of its intent to elicit testimony from S.P. about viewing child pornography with Bartunek. Bartunek moved in limine to exclude this testimony, and the court denied the motion without prejudice to renewing it at trial. The court concluded before trial that the evidence was admissible under Rule 414. That rule provides that the court in a child pornography case may admit "evidence that the defendant committed any other child molestation," where "child molestation" is defined to include conduct prohibited by the federal laws on child pornography. Fed. R. Evid. 414(a), (d).

At trial, Bartunek objected when the government called S.P. as a witness. This time, the court referred back to its tentative pretrial ruling, which allowed the testimony under Rule 414, and added that S.P.'s testimony was admissible under Rule 404(b) and not subject to exclusion under Rule 403. The court instructed the jury that the testimony could be used "to decide defendant's knowledge, intent, or lack of mistake," but cautioned that it should not convict the defendant simply because he may have committed similar acts at other times.

Bartunek argues that even if S.P.'s testimony was admissible under Rule 414, it was highly prejudicial and should have been excluded under Rule 403. S.P.'s testimony that Bartunek showed him child pornography was probative of Bartunek's sexual interest in underage children, and it was therefore admissible under Rule 414. *United States v. Emmert*, 825 F.3d 906, 909 (8th Cir. 2016). Rule 414(a) permits evidence that shows the defendant's character or propensity to commit certain acts in a child molestation case, so any prejudice to Bartunek from S.P.'s testimony was not "unfair" within the meaning of Rule 403. *United States v. Gabe*, 237 F.3d 954, 960 (8th Cir. 2001). S.P.'s statement that his victim was also Bartunek's victim entered the record on cross-examination without objection, and the court did not

plainly err in declining *sua sponte* to strike evidence that Bartunek had an underage "victim."

That the events occurred nearly twenty years before trial did not establish unfair prejudice. Congress placed no time limit on admissibility of evidence under Rule 414, and this court has concluded that twenty-year-old evidence of child molestation can be probative and admissible where, as here, it is similar to the charged offense. *Gabe*, 237 F.3d at 960. In this case, Bartunek benefitted from a limiting instruction to which he was not entitled under Rule 414, and that guidance to the jury further demonstrates the absence of unfair prejudice. The district court did not abuse its discretion in addressing the testimony of S.P.

IV.

Bartunek also challenges the district court's denial of his motion for a mistrial in response to testimony by the lead investigator from the Omaha Police Department. During his testimony, the investigator explained that he visited Bartunek's residence in 2013 to investigate an anonymous tip that Bartunek possessed child pornography. The court overruled Bartunek's objection that the testimony was inadmissible under Rule 403.

In response to the prosecutor's question whether he saw anything "unusual" in 2013, the investigator testified that as he approached Bartunek's residence, he observed a large traffic cone on a vehicle in the driveway with the word "chimo" written near the bottom. He proceeded to describe his interaction with Bartunek at the house. When the investigator finished his testimony about the 2013 encounter, Bartunek moved to strike the entire line of testimony based on Rules 401 (relevance), 403 (unfair prejudice), and 404 (character evidence). He also moved for a mistrial on the ground that the investigator referred to "a tip was for child pornography." The government argued that Bartunek's "evasive" reaction to investigators in 2013 was

similar to evasiveness that he exhibited in 2016, and therefore was relevant to the prosecution.

The court denied the motion for mistrial and instructed the jury that the information could be considered only "as background and context" regarding the investigator's history with Bartunek. The court advised the jury that the testimony was not "evidence of any crime at that time or evidence that the crime was committed that the defendant was charged with."

Bartunek argues that the court erred by denying his motion for a mistrial because the reference to "chimo" was inadmissible under Rule 404(b) and Rule 403, and was so prejudicial that the only available remedy was a mistrial. Unstated in the briefs and record is the assumption that "chimo" is an acronym for "child molester." While Bartunek moved to strike all of the investigator's testimony about the 2013 encounter, he did not specify an objection to the traffic cone or advise the district court of his heightened concern about it.

An objection to testimony about the word "chimo" printed on a traffic cone in Bartunek's driveway in 2013 would have been well taken. Even accepting that Bartunek's reaction to the visit from investigators had marginal relevance to this case, the traffic cone was not part of Bartunek's reaction. There was no testimony that Bartunek authored the inscription, and the government does not argue that it was an admission by the defendant. If some unidentified third party sought to label Bartunek as a child molester in 2013, then the statement was obviously hearsay and inadmissible for the truth of the matter asserted.

Even so, the question here is whether the investigator's statement about the traffic cone was so prejudicial that the district court was required to grant a mistrial. We think not. The court gave a limiting instruction that the jury should not consider the entire line of testimony from the investigator as evidence of any crime. The

reference to "chimo" was an isolated comment by one witness. There was no explanation of the meaning of the term. The prosecution did not mention the traffic cone during opening statement or closing arguments. In light of the extensive evidence of child pornography seized from Bartunek's residence, other evidence about Bartunek's sexual interest in minors and history of viewing child pornography, and the minimal likely impact of the traffic cone when viewed in context of the entire trial, we conclude that there was no abuse of discretion in denying a mistrial.

\*      \*      \*

The judgment of the district court is affirmed.

_____