# United States Court of Appeals

## For the Eighth Circuit

_____

No. 22-3424
_____

United States of America,

*Plaintiff - Appellee,*

v.

William Howard Proto, Jr.,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: October 20, 2023
Filed: January 29, 2024
_____

Before SMITH, Chief Judge, LOKEN and COLLOTON, Circuit Judges.
_____

COLLOTON, Circuit Judge.

William Proto, Jr., was convicted on drug trafficking and firearms charges. At a jury trial, the district court[*] admitted evidence of a prior arrest and conviction for

_____

[*]The Honorable Nancy E. Brasel, United States District Judge for the District of Minnesota.

unlawful possession of a firearm as a felon. On appeal, Proto challenges the admissibility of this evidence under Federal Rule of Evidence 404(b). We conclude that the district court did not abuse its discretion, and we affirm the judgment.

## I.

The charges in this case arose from two incidents in 2021. In June 2021, police found Proto in a stolen car. A search of the vehicle revealed a host of evidence: a black duffle bag containing drugs, digital scales, over $56,000 in cash, a high-speed money counter, a loaded firearm, ammunition, and documents bearing Proto's name. A grand jury charged Proto with possession with intent to distribute a controlled substance and unlawful possession of a firearm as a felon. *See* 21 U.S.C. § 841(a)(1); 18 U.S.C. § 922(g)(1).

In August 2021, while Proto was released from custody pending trial, officers arrested him while he was leaving a hotel room with luggage. Officers seized from Proto's person a handgun, $1,700 in cash, and two cell phones. In his luggage and vehicle, police found methamphetamine, a rifle without a serial number, loaded magazines, boxed ammunition, and documents bearing Proto's name. A grand jury returned a superseding indictment with another drug trafficking charge, another felon-in-possession gun charge, and a charge of possessing a firearm in furtherance of a drug trafficking offense. *See* 18 U.S.C. § 924(c)(1)(A). The case proceeded to trial on all five counts.

Before trial, the district court ruled that the government could introduce evidence of prior bad acts by Proto under Rule 404(b). The evidence concerned an event in February 2016 when police officers found Proto in a vehicle with a firearm under his seat and methamphetamine in a boot. Proto admitted that he possessed the gun because he was "back in the game" of selling drugs. He was convicted in 2016 of unlawful possession of a firearm as a felon.

-2-

At trial of the present case, the government introduced testimony from the officer involved in Proto's 2016 arrest and a certified copy of the 2016 conviction. The district court gave a limiting instruction to the jury that it could consider the evidence only for certain purposes among those specified in Rule 404(b)(2). The court further instructed that "you may not convict a person simply because you believe he may have committed similar acts in the past."

Proto pleaded guilty during trial to one of the gun charges, and the jury found him guilty on the rest. The district court sentenced him to 280 months' imprisonment. Proto appeals the conviction and argues that the court erred by admitting evidence from the arrest and conviction in 2016. We review the district court's ruling for abuse of discretion. *United States v. Bartunek*, 969 F.3d 860, 862 (8th Cir. 2020).

II.

"Rule 404(b)(1) prohibits use of a defendant's prior act to prove his character in order to show that on a particular occasion he acted in accordance with the character." *Id.*; *see* Fed. R. Evid. 404(b)(1). But such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Under settled law, the district court did not abuse its discretion in admitting the 404(b) evidence. The evidence is (1) relevant to a material issue, (2) similar in kind and not overly remote in time to the crime charged, (3) supported by sufficient evidence to support a jury finding that the defendant committed the prior act, and (4) of probative value not substantially outweighed by its prejudicial effect. *See United States v. Monds*, 945 F.3d 1049, 1052 (8th Cir. 2019).

First, the 2016 arrest and conviction were relevant to a material issue at trial. The government was required in the present case to prove Proto's knowledge of the presence of the firearm and his intent to possess a firearm in furtherance of drug trafficking. Evidence that Proto previously possessed a firearm in connection with drug trafficking is relevant to show his knowledge and intent. *United States v. Williams*, 796 F.3d 951, 959 (8th Cir. 2015). We routinely have affirmed the admission of similar evidence in cases involving drug trafficking and related gun charges. *See United States v. Bragg*, 44 F.4th 1067, 1074 (8th Cir. 2022).

Second, the 404(b) evidence was similar in kind and close in time to the crimes charged in this case. All three arrests involved the same scenario: Proto was carrying a firearm in connection with his drug trafficking activity. The previous conviction was close enough in time to support admissibility. Fewer than six years separated the arrests, and Proto was incarcerated for most of the time in between. *See Williams*, 796 F.3d at 959-60.

Third, sufficient evidence supported Proto's commission of the prior acts. The government presented testimony from the officer who arrested and interviewed Proto in 2016. The certified copy of the 2016 judgment was unimpeached. The jury had ample basis to conclude that Proto committed the prior acts. *See United States v. Loveless*, 139 F.3d 587, 592 (8th Cir. 1998).

Fourth, the potential prejudice of the disputed evidence did not substantially outweigh its probative value. The evidence here was highly probative of Proto's knowledge and intent, and we give deference to a district court's balancing of the prejudicial effect and probative value of evidence. *United States v. Ruiz-Estrada*, 312 F.3d 398, 403 (8th Cir. 2002). To mitigate the risk that a jury would misuse evidence of prior bad acts, a district court ordinarily gives a limiting instruction to the jury on proper use of the evidence. *Bartunek*, 969 F.3d at 863. The district court here employed an appropriate instruction that matched this circuit's model.

Proto's argument challenges existing circuit law and urges reconsideration. He cites social science evidence for the proposition that limiting instructions are ineffective, and suggests that juries inevitably use evidence of prior bad acts for purposes disallowed by Rule 404(b)(1). The Supreme Court long ago concluded, however, that "the jury is expected to follow instructions in limiting this evidence to its proper function," and "limiting instructions on this subject are no more difficult to comprehend or apply than those upon various other subjects." *Spencer v. Texas*, 385 U.S. 554, 562-63 (1967). To be sure, the effectiveness of limiting instructions has been debated in various contexts. *E.g.*, *id*. at 575 (Warren, C.J., dissenting); *Delli Paoli v. United States*, 352 U.S. 232, 247 (1957) (Frankfurter, J., dissenting); *Krulewitch v. United States*, 336 U.S. 440, 453 (1949) (Jackson, J., concurring); *Nash v. United States*, 54 F.2d 1006, 1007 (2d Cir. 1932) (L. Hand, J.). But absent an extraordinary situation not present here, we see no warrant to disavow "the crucial assumption underlying our constitutional system of trial by jury that jurors carefully follow instructions." *Francis v. Franklin*, 471 U.S. 307, 324 n.9 (1985); *see Tennessee v. Street*, 471 U.S. 409, 415 n.6 (1985); *Marshall v. Lonberger*, 459 U.S. 422, 438 n.6 (1983); *Parker v. Randolph*, 442 U.S. 62, 73 (1979) (plurality opinion).

Proto's position, moreover, offers no practical alternative for implementing Rule 404(b). This is not a case in which evidence was erroneously admitted and a jury was instructed to disregard it. The rule contemplates that evidence of prior bad acts is admissible for certain purposes. The jury must be informed about how properly to use the evidence. If it is truly not feasible for a jury to apply the existing rule, then that is a concern more properly directed to the rulemakers—although it is hardly clear that the better all-or-nothing solution would be to *exclude* all evidence of prior bad acts. *See United States v. Crowder*, 87 F.3d 1405, 1416 (D.C. Cir. 1996) (Silberman, J., concurring).

The judgment of the district court is affirmed.

_____

-5-