# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 09-3457

—————

United States of America,

        Plaintiff-Appellee,

v.

Heather Maria Ceballos,

        Defendant-Appellant.

*
*
*
*
*   Appeal from the United States
*   District Court for the
*   Southern District of Iowa.
*
*
*
*

—————

Submitted: April 15, 2010
Filed: May 13, 2010

—————

Before WOLLMAN, MURPHY, and SHEPHERD, Circuit Judges.

—————

MURPHY, Circuit Judge.

Heather Maria Ceballos was charged with two counts of aiding and abetting the distribution of methamphetamine. She was convicted on both counts and sentenced to five years on one count and one year to run concurrently on the other. Ceballos appeals, arguing that the district court[1] abused its discretion in admitting evidence of her prior uncharged drug transactions and erred in denying her motion for judgment

—————

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

of acquittal and her requests for safety valve credit, acceptance of responsibility, and a mitigating role. We affirm.

Ceballos had a long, abusive relationship with Jesus Gomez San Juan, a methamphetamine user and dealer. On two occasions in October 2007, law enforcement officers used a confidential informant to purchase methamphetamine from Gomez San Juan at the apartment he shared with Ceballos and their children. Ceballos acted as a translator during these transactions. She was initially charged, along with Gomez San Juan and other codefendants, with conspiracy to distribute methamphetamine. A superseding indictment subsequently charged Ceballos with aiding and abetting the distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and aiding and abetting the distribution of 50 grams or more of a substance containing methamphetamine, in violation of id. § 841(a)(1) and (b)(1)(B).

At trial Ceballos admitted having committed the offenses but set up a coercion defense. She claimed that the two charged transactions were her only entanglement in Gomez San Juan's drug dealing and that she had only participated out of fear that he would harm her or their children. The jury rejected the defense and Ceballos was convicted of both counts.

Ceballos's presentence investigation report recommended a guideline sentence range of 63 to 78 months, based on a criminal history category I and offense level of 26. At sentencing Ceballos sought safety valve relief under 18 U.S.C. § 3553(f), as well as guideline adjustments for a mitigating role and acceptance of responsibility. The district court concluded that Ceballos was not entitled to the safety valve because she had not provided the government with complete information about the underlying conspiracy and her involvement in it. Since Ceballos did not qualify for the safety valve, the district court was compelled to impose the mandatory minimum sentence

of five years under 21 U.S.C. § 841(b)(1)(B). It imposed a concurrent one year sentence under § 841(b)(1)(C). Ceballos timely appealed.

Ceballos first argues that the district court abused its discretion by admitting testimony concerning prior drug sales in which she had allegedly translated for Gomez San Juan and others. This testimony was offered under Fed. R. Evid. 404(b) for the purpose of rebutting Ceballos's coercion defense. The district court is afforded "broad discretion" to admit such evidence, and we review its decision for abuse of discretion. United States v. Anthony, 537 F.3d 863, 865 (8th Cir. 2008).

In order for evidence of prior acts to be admissible under Rule 404(b), it must be "(1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar in kind and close in time to the crime charged." Id. The prior sales in this case were similar in kind and close in time to the charged transactions, and they were supported by sufficient proof. Cf. Llach v. United States, 739 F.2d 1322, 1327 (8th Cir. 1984) ("Direct testimony . . . is sufficient to meet the clear and convincing standard.").

The 404(b) evidence was also relevant to Ceballos's defense. Numerous courts have found that "404(b) evidence may be admitted to refute a duress defense." United States v. Verduzco, 373 F.3d 1022, 1029 (9th Cir. 2004) (citing decisions of 5th, 10th, and 11th Circuits); see also United States v. Dunkin, 438 F.3d 778, 780 (7th Cir. 2006). Ceballos nevertheless argues that the 404(b) evidence was irrelevant. She maintains that the only issue for the jury was whether Gomez San Juan had, as Ceballos claimed, subjected her to systematic abuse and control, and that the only appropriate evidence to rebut her defense would therefore be evidence showing she was not in fact abused. This argument misconstrues the nature of the defense.

In order to make out her duress defense, Ceballos had to prove that she had a "a well-grounded fear of immediate death or serious bodily harm if the criminal act[s

were] not done and no reasonable opportunity to avoid performing the act[s] without facing that danger." United States v. Swanson, 9 F.3d 1354, 1359 (8th Cir. 1993) (internal quotation marks omitted). The 404(b) evidence in this case bears on both elements. Ceballos is correct that her involvement in prior drug sales is not necessarily inconsistent with her claim of coercion but that does not mean it is irrelevant, for the evidence is susceptible to more than one interpretation. A reasonable juror could find that Ceballos's participation in multiple sales over time rendered less credible her claim to have acted only because of threats of force. Moreover, even if Ceballos's participation in earlier transactions had been coerced, a juror could infer that she had had reasonable opportunity in the intervening period to extricate herself from the control of Gomez San Juan before participating in the charged offenses. Such opportunity would defeat her coercion defense. See, e.g., United States v. Harper, 466 F.3d 634, 648 (8th Cir. 2006) ("A defendant cannot invoke the defense of coercion if there existed an opportunity to avoid the act without threat of harm or a reasonable and legal alternative to the commission of the crime.").

Finally, the prejudicial effect of the 404(b) evidence was relatively slight. Prejudice in this context means a "tendency to suggest decision on an improper basis." Fed. R. Evid. 403 advisory committee notes. The improper usage which Rule 404(b) prohibits is introduction of evidence of a past offense "to prove the character of a person in order to show action in conformity therewith," Fed. R. Evid. 404(b)—that is, to persuade the fact finder that the defendant committed the charged offenses because she "has a propensity to commit crimes," Dunkin, 438 F.3d at 780. Here, Ceballos admitted having committed the charged offenses so there was no occasion for the jury to infer that she must have done so because of her bad character or criminal propensity. The only question for the jury was whether Ceballos acted under duress. The probative value of the 404(b) evidence in respect to that question outweighed the slight risk of unfair prejudice, and the district court therefore did not abuse its discretion in admitting the evidence. See id. at 780–81; Verduzco, 373 F.3d at 1030.

The district court also did not err in denying Ceballos's motion for judgment of acquittal. Viewed in the light most favorable to the verdict, United States v. Birdine, 515 F.3d 842, 844 (8th Cir. 2008), the evidence was sufficient to support the conclusion that Ceballos failed to prove her coercion defense. The jury was entitled to find that Ceballos's claim of duress was not credible. Evidence was presented which called into question the veracity of her story. The district court noted in its sentencing memorandum, for example, her "effortless[]" description in a recorded phone call with the police informant of "how a drug debt led to the seizure of her vehicle and . . . a search for an individual who was 'fronted' drugs, but who subsequently absconded." This evidence undermined Ceballos's assertion that her involvement in Gomez's drug dealing was limited and involuntary, and in light of it a reasonable juror could have chosen not to credit her claim of duress. Even if the jury credited Ceballos's claim to have acted under threat of force, it could have concluded that she had opportunities to cease her involvement in Gomez San Juan's drug dealing and still escape the harm he threatened. Such a finding would be fatal to the duress defense.

Ceballos also argues that the district court erred in denying her request for safety valve relief under 18 U.S.C. § 3553(f). The district court denied safety valve treatment after concluding that Ceballos had failed to carry her burden of proving that she had "truthfully provided to the Government all information and evidence [she had] concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." United States v. Soto, 448 F.3d 993, 995 (8th Cir. 2006) (quoting § 3553(f)(5)). Ceballos maintained in a proffer interview and at trial that her involvement in Gomez San Juan's drug dealing was limited to the two charged transactions. The district court found, however, that Ceballos had participated in drug sales prior to the charged transactions and that she knew more than she disclosed about the underlying conspiracy to which Gomez San Jan and other codefendants pled guilty. We review the district court's finding for clear error. Id.

-5-

Ceballos argues that the district court erred in concluding that she was obligated to provide information about the underlying conspiracy as opposed to only the two discrete acts with which she was charged. By its terms, however, § 3553(f) requires disclosure of information about acts which formed "part of the same course of conduct" as the offenses of conviction, § 3553(f)(5), and thus the court can require information about "uncharged related conduct." United States v. Miller, 151 F.3d 957, 958 (9th Cir. 1998); see also United States v. Romo, 81 F.3d 84, 85–86 (8th Cir. 1996) (safety valve relief denied where defendant did not disclose "the whole story about his role in the distribution chain and his gang's involvement").

Next, Ceballos claims the district court erred in relying on 404(b) evidence in determining whether she had been completely forthcoming with the government. This argument is without merit. The Federal Rules of Evidence do not apply at sentencing. Fed. R. Evid. 1101(d)(3); United States v. Fleck, 413 F.3d 883, 894 (8th Cir. 2005). Evidence may be considered at sentencing so long as it has "sufficient indicia of reliability." Id. To the extent Ceballos's argument attacks the reliability of what the district court considered, it is unpersuasive. The district court examined the evidence in detail, and its conclusion that Ceballos's involvement was more extensive than she admitted was primarily based on her own testimony at trial and her comments in recorded telephone conversations, as well as the "sheer implausibility of [her] claim that the only two drug transactions she translated . . . were the two transactions that the Government recorded." We will not second guess the district court's credibility assessments. See United States v. West, 589 F.3d 936, 938 (8th Cir. 2009).

Ceballos concedes that absent safety valve relief, her guideline arguments are moot. Regardless of her recommended guideline range, the five year sentence Ceballos received is the shortest term allowed under 21 U.S.C. § 841(b)(1)(B). We therefore need not consider her claims that she should have received credit for acceptance of responsibility and a mitigating role.

In sum, the district court did not abuse its discretion in admitting 404(b) evidence for the purpose of rebutting Ceballos's coercion defense, nor did it err in denying her motion for judgment of acquittal. It also did not clearly err in finding that Ceballos failed to carry her burden of proving entitlement to safety valve relief. Accordingly, the judgment of the district court is affirmed.

_____