**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5158**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

MELVIN DEAN MORTON,

                Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:08-cr-00401-RDB-4)

Submitted: December 22, 2011       Decided: January 12, 2012

Before NIEMEYER, MOTZ, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gary A. Ticknor, Elkridge, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, James G. Warwick, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Melvin Dean Morton was convicted of conspiracy to commit robbery, robbery, possession of a firearm in furtherance of a crime of violence, and possession of a firearm by a convicted felon. He was sentenced to a total of 372 months' imprisonment. The sole issue on appeal is whether the district court erred in permitting the Government to cross-examine Morton concerning his prior robbery convictions. We affirm.

A district court's evidentiary rulings are reviewed for abuse of discretion. United States v. Byers, 649 F.3d 197, 206, 213 (4th Cir. 2011), cert. denied, __ S. Ct. __, 2011 WL 4344656 (U.S. Oct. 17, 2011) (No. 11-6371). "A trial court's exercise of such discretion is entitled to substantial deference," United States v. Myers, 589 F.3d 117, 123 (4th Cir. 2009) (internal quotation marks omitted), and will be upheld unless the court "acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." United States v. Delfino, 510 F.3d 468, 470 (4th Cir. 2007).

Rule 404(b) of the Federal Rules of Evidence prohibits the admission of "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action

in conformity therewith." Fed. R. Evid. 404(b).[*] Accordingly, "the prosecution may not introduce evidence of extrinsic offenses to demonstrate the defendant's propensity to commit unlawful acts or to prove that the defendant committed the crime[s] with which he is presently charged." United States v. Powers, 59 F.3d 1460, 1464 (4th Cir. 1995) (internal quotation marks omitted). Evidence of extrinsic offenses, "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). The admission of such evidence requires "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown." Id.

Morton argues that the Government violated Rule 404(b) by failing to provide adequate notice of its intent to admit evidence of his prior convictions. We conclude that Morton's receipt of a pre-plea investigation report detailing his criminal history and Morton's pre-trial motion in limine regarding these convictions evidence sufficient actual notice. See United States v. Basham, 561 F.3d 302, 327 n.12 (4th Cir. 2009) (concluding defendant had sufficient notice where he

---

[*] Rule 404(b) was amended, effective December 1, 2011. Citations in this opinion to the Federal Rules of Evidence refer to the rules in effect at the time of Morton's trial.

3

objected to admission of evidence before Government reached relevant line of questioning).

Next, Morton contends that the district court erred in admitting evidence of his prior convictions because there was no basis for doing so under Rule 404(b). Morton argues that the prior convictions could not be used to show intent because the offenses occurred almost thirty years ago and that the minimal probative value of his prior convictions was outweighed by their immense prejudicial effect. Morton also asserts none of the other grounds for admission under Rule 404(b) is applicable.

Evidence of prior bad acts is admissible under Rule 404(b) when the evidence is relevant, necessary to prove an element of the offense, and reliable, and when the probative value of the evidence is not substantially outweighed by unfair prejudice. United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997). We conclude that Morton's prior four convictions were relevant to his state of mind in light of his duress defense because they stemmed from robberies that, upon cross-examination, Morton admitted he committed voluntarily. Queen, 132 F.3d at 996 (stating that earlier acts are probative if "similar in nature to the charged acts"); see United States v. Ceballos, 605 F.3d 468, 470 (8th Cir. 2010) ("Numerous courts have found that 404(b) evidence may be admitted to refute a duress defense.") (internal quotation marks omitted), cert.

4

denied, 131 S. Ct. 437 (2010); United States v. King, 879 F.2d 137, 139 (4th Cir. 1989) (discussing duress defense). Further, the evidence of Morton's prior convictions is reliable, and its probative value is not substantially outweighed by unfair prejudice. Although approximately thirty years have passed since Morton was convicted of committing the prior robberies, those convictions are similar to the charged offenses, and Morton spent much of the intervening time incarcerated. See United States v. Kelly, 510 F.3d 433, 437 (4th Cir. 2007) (holding that conviction occurring twenty-two years prior was admissible because similarities between charged offense and prior crime were significant and lapse of time alone did not render conviction inadmissible); Queen, 132 F.3d at 998 (finding nine-year-old evidence of intent probative despite lapse of time "particularly when the defendant has spent many of those intervening nine years in prison").

Finally, Morton contends that the district court improperly admitted evidence of his prior convictions under Fed. R. Evid. 609. Because admission of this evidence was proper under Rule 404(b), we need not reach this issue. See United States v. Verduzco, 373 F.3d 1022, 1030 (9th Cir. 2004) (declining to reach Rule 609 argument upon resolution of Rule 404(b) argument because "[i]f evidence is properly admitted

under one rule, then improper admission under the second rule is harmless").

Based on the foregoing, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED