**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 49623/49624**

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>DELISA DAWN HAWLEY,<br><br>      Defendant-Appellant. | **Filed:  July 10, 2023**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Patrick J. Miller, District Judge.

Judgments of conviction and concurrent unified sentences of fifteen years, with three years determinate, for trafficking in methamphetamine; seven years indeterminate for each of three counts of possession of a controlled substance; three years indeterminate for possession of a controlled substance; fifteen years, with three years determinate, for possession of a controlled substance with intent to deliver; and 180 days in jail each, with credit for time served, for possession of drug paraphernalia, possession of a legend drug, and prostitution, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

In these consolidated appeals, Delisa Dawn Hawley appeals from her judgments of conviction in Dockets Nos. 49623 and 49624.  In Docket No. 49623, Hawley argues the district court abused its discretion, first, in excluding an officer's testimony about the consequences of a prostitute speaking with police and, second, in admitting evidence of Hawley's subsequent arrest for prostitution and drug possession.  Hawley also contends the district court abused its discretion in sentencing for both Docket No. 49623 and Docket No. 49624.  We affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In Docket No. 49623, the State charged Hawley with trafficking in methamphetamine, Idaho Code § 37-2732B(a)(4)(A); four counts of possession of a controlled substance, I.C. § 37-2732(c); possession of drug paraphernalia, I.C. § 37-2734A; possession of a legend drug, I.C. § 54-1732(3)(c); and prostitution, I.C. § 18-5613. The case proceeded to a jury trial.

During trial, the investigating officer, Officer Whilden, testified about contacting a woman through an escort website to schedule an act of prostitution involving drugs. On March 2, the officer met the woman at a hotel, and the woman, identified as Hawley, was arrested. Officers searched Hawley's room and found controlled substances and paraphernalia. As part of her defense, Hawley requested the jury instruction on the threats and menaces affirmative defense. *See* I.C. § 18-201(4); Idaho Criminal Jury Instruction 1509.[1] As relevant, Hawley elicited testimony from Officer Whilden that he believed a pimp may have been controlling Hawley and that he was concerned Hawley may be the victim of human trafficking based on Hawley's statements while in custody. Officer Whilden also believed Hawley was at risk of serious physical harm, and he made an effort to connect her with social services as a result. On redirect examination, the State highlighted that Hawley failed to disclose anything beyond the first name of her alleged pimp, which prevented Officer Whilden from finding the individual. On recross-examination, Hawley questioned Officer Whilden about Hawley's demeanor while in custody and about "what can happen to a sex worker who informs on their pimp." The State objected to the question as irrelevant and speculative. The district court sustained the objection, despite Hawley's argument that the officer was qualified to testify on the subject.

Hawley testified in her defense. Hawley testified about her pimp, Tony, the physical and sexual abuse Tony inflicted on her, and her fear of Tony. On cross-examination, the State asked Hawley about her encounter with officers, including that she was taken to the hospital, declined any of the social services offered, and left the hospital. Hawley admitted she left the hospital without engaging in services and testified she "went to a friend's house" after leaving the hospital.

---

[1] In part, Idaho Criminal Jury Instruction 1509 provides: "Under the law, a defendant is not guilty of a crime if the defendant committed the act . . . charged under threats and menaces sufficient to show that the defendant had reasonable cause to and did believe the defendant's life would be endangered if the defendant refused."

The State next asked if Hawley went back to Tony, and Hawley said, "Nope." At that point, the State sought to introduce evidence of Hawley's March 22 arrest after again being "found in a hotel room with a trafficking amount of methamphetamine." The State argued Hawley "opened the door" to that evidence in testifying she did not return to Tony and that the evidence went "directly to the heart of the defense that when offered services at the hospital, she instead left and went back to the people who were supposedly putting her under duress." Hawley argued evidence of her subsequent arrest was "unrelated" and "extremely prejudicial."

The district court found the evidence relevant "to whether or not [Hawley] really was acting--whether she had a reasonable cause to believe or did, in fact, believe that her life would be in danger if she continued to participate in the trafficking activity for Tony." Next, the court concluded that the danger of unfair prejudice did not outweigh the probative value of the evidence; the evidence of Hawley's later criminal conduct was admissible for the limited purpose of addressing her threats and menaces defense; and the jury would receive a limiting instruction. As related to this ruling, the State later questioned Hawley about whether she returned to prostituting, "using meth," and "sharing meth with people who came over" after she declined services and left the hospital. Hawley admitted all of these things, and the State elicited further testimony from Hawley that she did so later in March, and on March 22, she possessed a trafficking amount of methamphetamine. Hawley also testified that, though she initially returned to prostitution to support her own drug addiction, Tony eventually found her and resumed control of her.

The jury convicted Hawley of all eight charges in Docket No. 49623. Subsequently, in Docket No. 49624, arising from Hawley's March 22 arrest, Hawley pled guilty to possession of a controlled substance with intent to deliver, and the State dismissed charges for possession of drug paraphernalia with the intent to deliver and possession of drug paraphernalia. The two cases were consolidated for sentencing. In Docket No. 49623, the district court sentenced Hawley to fifteen years, with three years determinate, for trafficking in methamphetamine; seven years indeterminate for each of three counts of possession of a controlled substance; three years indeterminate for possession of a controlled substance; and 180 days in jail each, with credit for time served, for possession of drug paraphernalia, possession of a legend drug, and prostitution. In Docket No. 49624, the court sentenced Hawley to a concurrent sentence of fifteen years, with three years determinate, for possession of a controlled substance with intent to deliver. All sentences were ordered to run concurrently. Hawley timely appeals.

3

# II.

# ANALYSIS

## A.    Officer Whilden's Testimony

In Docket No. 49623, Hawley contends the district court abused its discretion in excluding "Officer Whilden's testimony on 'what can happen' to a prostitute that 'informs on their pimp.'" The trial court has broad discretion in determining the admissibility of testimonial evidence. *State v. Smith*, 117 Idaho 225, 232, 786 P.2d 1127, 1134 (1990). A decision to admit or deny such evidence will not be disturbed on appeal absent a clear showing of abuse of that discretion. *Id.* When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Hawley asked Officer Whilden, "And in your experience, what can happen to a sex worker who informs on their pimp?" The State objected on the basis that the question "[c]alls for speculation and relevance." The district court sustained the objection. In response, Hawley never explained why the evidence was relevant. Instead, Hawley argued Officer Whilden was qualified "to testify to his experience" as "a professional investigator in sex trafficking." The district court, however, rejected this argument and reiterated the decision to sustain the objection. On appeal, Hawley contends the district court erred because it "did not apply the correct legal standards" when excluding Officer Whilden's testimony because the evidence was relevant and was not speculative.

Hawley argues the testimony was relevant to her threats and menaces defense, because first, the testimony would "explain, and lend credibility, to Officer's Whilden's" concern about Hawley's safety and his decision to remove her from the hotel and, second, the testimony would explain why Hawley failed to disclose more about her pimp other than his first name, Tony. Idaho Rule of Evidence 401 provides evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." The threats and menaces defense provides "a defendant is not guilty of a crime if the defendant committed the act . . . charged under threats or menaces sufficient to show that the defendant had reasonable cause to and did believe the defendant's life would be endangered if the defendant refused." I.C.J.I. 1509; *see* I.C. § 18-201(4). Hawley asserts Officer Whilden's

4

testimony about the "consequences" of a prostitute "informing on her pimp" does have a tendency to make more or less probable Hawley's defense that her life would be endangered if she did not continue to prostitute and sell drugs.

The initial question, based on Hawley's relevance claim, is whether Officer Whilden's potential testimony about "what can happen to a sex worker who informs on their pimp" would make it more or less probable Hawley had reasonable cause to believe her life was endangered if she refused to continue prostituting and selling drugs. While the potential consequences facing a prostitute may prevent a prostitute from "informing" on her pimp to the police, those same consequences may leave a prostitute with the reasonable belief that, unless she continued prostituting and selling drugs, her life would be endangered. Accordingly, Officer Whilden's testimony was relevant to whether Hawley had reasonable cause to believe her life would be endangered if she did not engage in prostitution and sell drugs.

Hawley's question did not ask Officer Whilden to offer his opinion on the possible consequences personally facing Hawley but, rather, asked Officer Whilden, "in your experience, what can happen to a sex worker who informs on their pimp?" The question did not ask the officer to speculate about the possible harms facing Hawley, especially where the jury previously heard a recording of Hawley's interview where she spoke of harms she feared. Accordingly, the officer's potential response may have helped the jury understand other testimony and evidence, including the officer's own concern for Hawley's safety, Hawley's behavior during the recorded interview, and Hawley's own statements of fear.

Even assuming the district court erred in sustaining the State's objection, error is not reversible unless it is prejudicial. *State v. Stell*, 162 Idaho 827, 830, 405 P.3d 612, 615 (Ct. App. 2017). Where a criminal defendant shows an error based on a contemporaneously objected-to, nonconstitutional violation, the State then has the burden of demonstrating to the appellate court beyond a reasonable doubt the error did not contribute to the jury's verdict. *State v. Montgomery*, 163 Idaho 40, 46, 408 P.3d 38, 44 (2017). Thus, we examine whether the alleged error complained of in the present case was harmless. *See id.* "Harmless error is 'error unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record.'" *State v. Garcia*, 166 Idaho 661, 674, 462 P.3d 1125, 1138 (2020) (quoting *Yates v. Evatt*, 500 U.S. 391, 403 (1991)). This standard "requires weighing the probative force of the record as a whole while excluding the erroneous evidence and at the same time comparing it against the probative force of

the error." *Id.* If the error's effect is minimal compared to the probative force of the record establishing guilt beyond a reasonable doubt without the error, then the error did not contribute to the verdict rendered and is harmless. *Id.* The reviewing court must take into account what effect the error had, or reasonably may have had, on the jury in the context of the total setting and in relation to all else that happened, which necessarily includes the evidence presented. *Kotteakos v. United States*, 328 U.S. 750, 764 (1946).

The State argues any error in excluding Officer Whilden's testimony was harmless "in the face of Hawley being able to directly testify about threats by Tony and the effects on her behavior." Indeed, Officer Whilden testified about his own belief that Hawley was in danger, and the jury viewed a portion of the officer's interview with Hawley that included Hawley telling the officer about Tony and her fear of Tony. Hawley also testified about her fear of Tony and the acts of abuse she previously endured. In part, her testimony included: "You don't want to disobey Tony. He has put a knife to my throat. Tony has beaten me with the back of a pistol. He has broken my fingers." Despite the evidence presented, the jury rejected Hawley's threats and menaces defense.

At most, Officer Whilden's potential testimony likely would have been cumulative to other testimony. Specifically, a review of the record shows the officer's own testimony, the recording of his interview with Hawley, and Hawley's testimony all presented evidence that Hawley previously faced dire consequences from Tony; Hawley feared Tony would harm her if she were to "disobey"; and given Officer Whilden's admitted testimony about Hawley's safety, such dire consequences were not out of the norm in potential human trafficking situations. In light of the other evidence presented and rejected by the jury, the district court's decision to exclude Officer Whilden's testimony about the consequences for a prostitute informing on her pimp was harmless error.

## B.    Hawley's Subsequent Arrest

Next, Hawley contends "the district court abused its discretion by admitting evidence of her subsequent drug possession from March 22." Hawley submits "this evidence was not relevant for any non-propensity purpose and, if relevant, its probative value was substantially outweighed by its prejudicial effect." The State argues evidence of Hawley's subsequent arrest was relevant to her threats and menaces defense because it was "admitted to negate Hawley's claim that her intent in committing the acts was self-preservation."

The evidence rule in question, I.R.E. 404(b), provides:

6

(1)     Prohibited Uses.  Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2)     Permitted Uses; Notice in a Criminal Case.  This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.  In a criminal case, the prosecutor must:

(A) file and serve reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and

(B) do so reasonably in advance of trial--or during trial if the court, for good cause shown, excuses lack of pretrial notice.

This rule prohibits introduction of evidence of acts other than the crime for which a defendant is charged if its probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior.  *State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009).  Of course, evidence of another crime, wrong, or act may implicate a person's character while also being relevant and admissible for some permissible purpose, such as those listed in the rule.  *See State v. Pepcorn*, 152 Idaho 678, 688-89, 273 P.3d 1271, 1281-82 (2012).

When determining the admissibility of evidence to which a Rule 404(b) objection has been made, the trial court must first determine whether there is sufficient evidence of the other acts that a reasonable jury could believe the conduct actually occurred.  If so, then the court must consider: (1) whether the other acts are relevant to a material and disputed issue concerning the crime charged, other than propensity; and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice.  *Grist*, 147 Idaho at 52, 205 P.3d at 1188; *State v. Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009).  On appeal, this Court defers to the trial court's determination that there is sufficient evidence of the other acts if it is supported by substantial and competent evidence in the record.  *Parmer*, 147 Idaho at 214, 207 P.3d at 190.

In this case, Hawley does not challenge the existence of the March 22 conduct as an established fact.  Therefore, we address only the relevancy and unfair prejudice issues.  We exercise free review of the trial court's relevancy determination.  *State v. Sheldon*, 145 Idaho 225, 229, 178 P.3d 28, 32 (2008).  The trial court's balancing of the probative value of the evidence against the danger of unfair prejudice will not be disturbed unless we find an abuse of discretion.  *State v. Norton*, 151 Idaho 176, 190, 254 P.3d 77, 91 (Ct. App. 2011).

During the trial, the State sought to introduce evidence of Hawley's March 22 arrest following Hawley's testimony that she left the hospital and went to a friend's house.  As construed by the district court, the State argued Hawley "opened the door to inquiry regarding subsequent

charges." The State also contended the subsequent arrest and charges indicated Hawley was not "under duress" and had "an element of choice" in the present case. Hawley maintained evidence of her subsequent arrest was "unrelated" and "extremely prejudicial." Setting aside the State's contention that the evidence was impeaching, the district court analyzed the admissibility of Hawley's subsequent arrest under Rule 404(b). First, the court concluded Hawley's subsequent arrest was relevant to Hawley's threats and menaces defense because evidence she later engaged in similar criminal conduct on an admittedly voluntary basis was relevant to her threats and menaces defense--whether she had reasonable cause to believe her life was endangered if she refused "to participate in the trafficking activity for Tony." Second, the court concluded the danger of unfair prejudice did not outweigh the probative value of evidence of Hawley's subsequent arrest.

The State cites *United States v. Dunkin*, 438 F.3d 778, 780 (7th Cir. 2006) for the proposition that "evidence of similar criminal activity is admissible to rebut duress defenses such as the threats and menaces defense." In *Dunkin*, the defendant presented the defense of coercion to two charges of robbery and challenged the introduction of evidence of another unsolved robbery he committed earlier, arguing the evidence violated Federal Rule of Evidence 404(b)'s prohibition on propensity evidence. *Dunkin*, 438 F.3d at 780. The Seventh Circuit rejected this argument, however, concluding "there is no prohibition *in the rule* against using prior-crime evidence for other purposes, such as to demonstrate the implausibility of a defense of coercion." *Id.* The Court then analyzed the evidence under Federal Rule of Evidence 403 and concluded that the evidence of a prior bank robbery was relevant to the defendant's coercion defense and that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. *Dunkin*, 438 F.3d at 780.

Similarly, in *State v. Canelo*, 129 Idaho 386, 393-94, 924 P.2d 1230, 1237-38 (Ct. App. 1996), this Court concluded evidence of a prior drug transaction was admissible to rebut the defendant's affirmative defense of entrapment, which he raised in response to a charge of delivery of a controlled substance. There, the State presented evidence of a prior drug transaction after the defendant laid foundation for the entrapment defense, and the defendant challenged the admission of that evidence on appeal. *Id.* at 394, 924 P.2d at 1238. This Court concluded evidence of the prior drug transaction was not offered to show the defendant's propensity to engage in the crime charged but, instead, was relevant to the defendant's disposition to sell drugs prior to allegedly being entrapped. *Id.*; *see* I.R.E. 404(b), 403. This Court also concluded that while evidence of the

prior transactions was favorable to the State, the evidence was not so unfairly prejudicial as to mislead the jury. *Canelo*, 129 Idaho at 394, 924 P.2d at 1238.

As noted, the district court concluded evidence of Hawley's later arrest "has some relevance other than propensity" because the evidence was relevant to Hawley's threats and menaces defense and whether she had reasonable cause to believe, and did believe, her life was endangered if she refused to prostitute and sell drugs. Accordingly, because the evidence of Hawley's subsequent arrest for similar conduct was admitted to rebut her affirmative defense of threats and menaces, the evidence was not admitted in violation of I.R.E. 404(b)(1). *See United States v. Ceballos*, 605 F.3d 468, 470-71 (8th Cir. 2010); *Dunkin*, 438 F.3d at 780; *United States v. Verduzco*, 373 F.3d 1022, 1027-29 (9th Cir. 2004); *United States v. Hearst*, 563 F.2d 1331, 1335-37 (9th Cir. 1977); *Canelo*, 129 Idaho at 393-94, 924 P.2d at 1237-38.

Next, the district court determined the probative value of Hawley's subsequent arrest was not substantially outweighed by the danger of unfair prejudice. Hawley argues "the danger of the jury's decision on an improper basis was great." More specifically, Hawley asserts "[i]t is difficult to imagine a jury that could set aside this evidence of the same offense, one right after the other." However, the district court instructed the jury that the evidence was admitted "only for the limited purpose of proving the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, accident, duress or coercion." We presume the jury followed the district court's instructions. *See State v. Kilby*, 130 Idaho 747, 751, 947 P.2d 420, 424 (Ct. App. 1997); *State v. Hudson*, 129 Idaho 478, 481, 927 P.2d 451, 454 (Ct. App. 1996). Moreover, Hawley admitted during her testimony that "a bunch of drugs" were in the room at the time of the arrest and that her "job" was to "sell [herself] and drugs." As such, the prejudicial effect was reduced because Hawley admitted she committed the crimes charged but argued, and presented evidence, she only did so because she feared her pimp, Tony. *See Dunkin*, 438 F.3d at 780. Evidence of Hawley's second arrest was probative regarding her defense because it tended to show she voluntarily engaged in similar criminal conduct subsequently and eventually returned to the same people to engage in that conduct. *See Hearst*, 563 F.2d at 1336-37. We cannot say the district court abused its discretion in admitting the evidence because the jury was limited to considering the evidence only as it related to Hawley's affirmative defense of threats and menaces.

9

**C.    Cumulative Error**

Hawley also contends the cumulative error doctrine applies in Docket No. 49623, necessitating a reversal of her conviction. Under the doctrine of cumulative error, a series of errors, harmless in and of themselves, may in the aggregate show the absence of a fair trial. *State v. Adamcik*, 152 Idaho 445, 483, 272 P.3d 417, 455 (2012). However, a necessary predicate to the application of the doctrine is a finding of more than one error. *Id*. Hawley has failed to demonstrate at least two errors, a necessary predicate to the application of the cumulative error doctrine.

**D.    Sentencing**

Finally, Hawley argues the district court abused its discretion in sentencing her to a unified, aggregate sentence of fifteen years, with three years determinate, in these consolidated cases. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).

Where an appellant contends the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Here, Hawley challenges the indeterminate portion of her aggregate sentences of fifteen years, with three years determinate. Hawley acknowledges her aggregate sentences do not exceed the applicable statutory maximums. Rather, Hawley "contends the district court should have sentenced her to a lesser indeterminate term in light of the mitigating factors, including her

trouble[d] past, commitment to sobriety, acceptance of responsibility, and remorse." In sentencing Hawley, however, the district court considered and rejected these factors. Specifically, the court found that Hawley "did not take accountability for [her] actions" and that her statements about "changing [her] ways" were "likely just made to get through [the sentencing hearing]." Based on an independent review of the record, we cannot conclude the district court abused its discretion in sentencing Hawley.

## III.

## CONCLUSION

Any error resulting from the exclusion of Officer Whilden's testimony about the consequences of a prostitute speaking with police was harmless. The district did not err in admitting evidence of Hawley's later arrest. Likewise, the district court did not abuse its discretion in the consolidated sentencing. We affirm Hawley's judgments of conviction and sentences.

Chief Judge LORELLO and Judge GRATTON **CONCUR**.